■ GLAMOROUS LAUNDRY ROOMS, INC., Respondent, v. RIVER POINT TOWERS COOPERATIVE, INC., et al., Appellants.— Order of the Supreme Court, Queens County, dated May 7, 1968, which granted plaintiff's motion for summary judgment and directed an assessment of damages, reversed, on the law, with $10 costs and disbursements, and motion denied. No questions of fact were considered. In our opinion, triable issues of fact exist and plaintiff's motion for summary judgment was improperly granted. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ In the Matter of COUNTY OF DUTCHESS, Respondent, v. DUTCHESS COUNTY AVIATION, INC., Appellant.— In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Dutchess County, dated May 8, 1967, which granted the application and ordered an immediate trial on the issue of the validity of the contract sought to be arbitrated. Order affirmed, without costs. In our opinion, there are triable issues relating to the scope of authority given to the Chairman of the Board of Supervisors and the County Attorney, particularly with reference to the changes discussed at the public hearing or thereafter with knowledge of the Board of Supervisors prior to the execution of the contract. There are also triable issues relating to ratification of the agreement and to estoppel. (See *Matter of Dutchess County Aviation v. Board of Supervisors of County of Dutchess,* 31 A D 2d 545.) Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ In the Matter of DUTCHESS COUNTY AVIATION, INC., Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF DUTCHESS et al., Respondents.— Order of the Supreme Court, Dutchess County, dated October 26, 1966, affirmed, without costs. No opinion. (See *Matter of County of Dutchess v. Dutchess County Aviation,* 31 A D 2d 545.) Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALAN McKINNEY, Appellant.— Judgment of the County Court, Dutchess County, rendered December 21, 1966, affirmed. Defendant's contention that he has been placed in double jeopardy by virtue of the sixth count in the indictment, charging possession of a dangerous weapon in violation of subdivision 9 of section 1897 of the former Penal Law, has not been considered on the merits because of defendant's failure to raise that objection by plea or otherwise and the incomplete state of the record. Beldock, P. J., Christ, Brennan, Rabin and Munder, JJ., concur.

■ NICHOLAS VAN VALEN, Appellant, v. JACKSON SAVAGE et al., Respondents.— Appeal by plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated October 20, 1967, as (1) vacated defendant Savage's defaults and reinstated his answer, (2) vacated two orders dated February 21, 1966 and March 14, 1967, respectively, which directed that said defendant's answer be stricken, and (3) directed that the action take its place on the general calendar for trial in its regular order. Order modified, on the law, the facts and in the exercise of discretion, by adding a provision conditioning the above mentioned portions of the order under review upon defendant Savage's paying plaintiff $100 for the inconvenience suffered by plaintiff's attorney. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements against defendant Savage. The payment condition must be complied with within 20 days after entry of the order hereon. The condition herewith imposed is fair and in accordance with the offer made in the affidavit of an attorney which was submitted in support of defendant Savage's motion. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.